**McKEON v. R. OLSEN OIL CO. et al.**

**Civ. No. 2758.**

United States District Court
N. D. Oklahoma.

May 31, 1951.

Monnet & Hays and David H. Sanders, all of Tulsa, Okl., for plaintiff.

Robinson, Shipp & Robertson and C. E. Barnes, Oklahoma City, Okl., L. A. Thompson, Jr., and Fellows & Fellows, all of Tulsa, Okl., for defendants.

WALLACE, District Judge.

Findings of Fact

I.

Plaintiff, Marguerite I. McKeon, is a resident of California. Defendant, R. Olsen Oil Company, is a Delaware corporation with its principal place of business in Ok-

lahoma City, Oklahoma. Defendant, Stanolind Oil Purchasing Company, is a Delaware corporation with its principal place of business in Tulsa, Oklahoma. The amount in controversy is in excess of $3,000.00, exclusive of interest and costs.

## II.

Plaintiff and her husband, R. B. McKeon, since deceased, entered into a contract of assignment with the defendant, R. Olsen Oil Company, by the terms of which they assigned their thirty percent undivided interest in certain oil and gas mining leases to R. Olsen Oil Company. The assignment was given for a cash consideration and for a conditional consideration of the sum of $332,500.00, which was to be paid from oil, gas and casinghead gas produced from the assigned leases. The pertinent provision of the contract reads as follows: "* * * The 'Sellers' herein shall be entitled to receive, as a reserved interest, 15% of the 13⁄16ths of all of the oil, gas and casinghead gas produced, saved and sold from said leasehold estates from and after November 1, 1937, until the 'Sellers' have been paid therefrom the sum of $332,500.00, subject to the conditional charges thereon hereinafter mentioned. Such oil, gas and casinghead gas shall be produced for 'Sellers' without charge or expense, subject, however, to any severance, production or other tax which may be charged thereon or thereto. The proceeds from the production from such reserved interest are to be impounded, however, until the final determination of said suit upon its merits, and until all attorneys fees, costs and expenses in connection therewith have been paid by 'Sellers'; and when said $332,500.00 has been paid in full, the said interest reserved by the 'Sellers', referred to above, shall pass to, and become vested in, the 'Buyers'."

## III.

Plaintiff's husband is now deceased and she is the successor in interest of his rights in the contract.

## IV.

The contract of assignment was executed in Kansas but the leases covered lands in Texas.

## V.

In settlement of certain litigation affecting the rights of the parties herein involved and others, the plaintiff and her husband agreed, on the 28th of September, 1937, to pay R. Olsen Oil Company $3,121.25 out of the money due and payable under the contract of assignment.

## VI.

Plaintiff and her husband assigned one-half of their interest in the assignment contract with R. Olsen Oil Company to a party not herein involved.

## VII.

R. Olsen Oil Company has paid to plaintiff $155,909.35, which sum it alleges is payment in full considering the plaintiff and her husband have conveyed one-half of their interest to a third party, and deducting $3,121.25, the consideration for the settlement agreement, and $7,206.13 in gross production taxes.

## VIII.

This controversy is concerned solely with the propriety of the deduction for gross production taxes.

## IX.

Stanolind Oil Purchasing Company, defendant, admits that it has purchased the oil from the leased land involved in this action.

### Conclusions of Law

## I.

The court has jurisdiction over the parties and subject matter of this action.

## II.

The construction of a contract is a question of law for the court.

## III.

If a contract is executed in one state and the place of performance in another state, the law of the place of performance governs.

## IV.

A contract is to be construed in its entirety and a court should reconcile, if possible, conflicting phraseology rather than interpret a contract in such a manner that certain provisions are rendered meaningless.

In the contract in the instant case, the ambiguity disappears if the sentences in which the conflicting phrases appear, are examined for the purpose the sentences were inserted into the contract. In the paragraph of the contract, as quoted in the findings of fact, the term "to be paid in full" is used to signify when the mineral interest of the seller (plaintiff) would pass to the buyer (R. Olsen Oil Company); whereas in stipulating the amount of the consideration, the parties specifically stated this amount would be subject to conditional charges hereinafter mentioned. In the next sentence, the parties stated the oil, gas and casinghead gas would be produced without expense to the seller "subject, however, to any severance, production or other tax which may be charged thereon or thereto".

To construe the contract as providing for the consideration to be paid in full and not subject to a gross production tax, one would have to ignore clear and specific language.

The court concludes that the parties to the contract of assignment intended the seller's (plaintiff's) consideration was to be subject to all valid gross production taxes levied by the State of Texas.

### V.

Counsel are directed to prepare a judgment in conformity with these findings of fact and conclusions of law, and submit it to the court within ten days from this date.